Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
Brandon G. Smith (SBN 307,676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
**simplehuman, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEHUMAN, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ITOUCHLESS HOUSEWARES AND PRODUCTS, INC., a California corporation,<br><br>Defendant. | Civil Action No. 2:19-cv-02351 R(KSx)<br><br>**AMENDED COMPLAINT FOR EQUITABLE RELIEF** |

Plaintiff simplehuman, LLC ("simplehuman") hereby complains of Defendant iTouchless Housewares and Products, Inc. ("iTouchless") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action that relate to trade dress infringement, false designation of origin, and federal unfair competition pursuant to 15 U.S.C. §§ 1116 and/or 1121(a) and also pursuant to 28 U.S.C. § 1331 as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Amended Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to simplehuman's federal claims within the Court's original jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over iTouchless because iTouchless has a continuous, systematic, and substantial presence within this judicial district and within California. For example, iTouchless has been selling and offering for sale infringing products in this judicial district, including, but not limited to, selling infringing products directly to consumers and/or retailers in this district and selling products into the stream of commerce knowing such products would be sold in California and this district. In addition, by committing acts of trade dress infringement, false designation of origin, and unfair competition in this judicial district, including, but not limited to, by using infringing design elements in connection with the promotion, sale, and offer for sale of goods to customers in this judicial district, iTouchless' acts form a substantial part of the events or omissions giving rise to simplehuman's claims.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d) because iTouchless has a continuous, systematic, and substantial presence
///

within this district and has committed acts of infringement by promoting, selling and/or offering to sell infringing products in this district.

## THE PARTIES

4. Plaintiff simplehuman is a California limited liability company having its principal place of business at 19850 Magellan Drive, Torrance, California 90502.

5. simplehuman is informed and believes, and thereon alleges, that Defendant iTouchless is a California corporation, having a principal place of business at 777 Mariners Island Boulevard, Suite 125, San Mateo, California 94404.

## GENERAL ALLEGATIONS

6. simplehuman was founded in 2000 with the goal of designing a unique trash can. Since then, simplehuman has been engaged in the manufacture and sale of highly stylistic and distinctive trash cans and has expanded its product line to pioneer a variety of innovations in other kitchen and bath tools. Through its tireless efforts, simplehuman has become a leader in the design and production of a variety of consumer home goods, including trash cans, mirrors, sensor pumps, dishracks, sink caddies, and more.

7. Since at least as early as 2001, simplehuman has manufactured and sold its iconic Bullet trash can. The Bullet trash can bears a distinctive, nonfunctional trade dress in the overall design of the product ("Bullet Trade Dress"). An example of a simplehuman product bearing the distinctive Bullet Trade Dress is shown in the photograph below:

/ / /

/ / /



8. The Bullet Trade Dress includes a cylindrical metallic body, a domed open top cover, trim at the base of the can, and trim between the domed open top cover and cylindrical metallic body.

9. simplehuman's products bearing the Bullet Trade Dress have achieved remarkable success in the marketplace.

10. As a result of simplehuman's widespread use and display of the Bullet Trade Dress, (a) the public has come to recognize and identify products bearing the Bullet Trade Dress as emanating from simplehuman, (b) the public recognizes that products bearing the Bullet Trade Dress constitute high quality products that conform to the specifications created by simplehuman, and (c) the Bullet Trade Dress has established strong secondary meaning and extensive goodwill.

11. The Bullet Trade Dress is non-functional. The design features embodied by the Bullet Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not

1  affect the quality of the product.  The design elements of the Bullet Trade Dress
2  are not a competitive necessity for trash can products.
3       12.   iTouchless is engaged in the business of selling kitchen, bathroom
4  and other household products including trash cans.
5       13.   Without permission or consent from simplehuman, iTouchless is
6  using simplehuman's Bullet Trade Dress.  iTouchless manufactures, imports,
7  offers for sale, and/or sells products that use trade dress that is confusingly similar
8  to the Bullet Trade Dress, for example iTouchless' Dual-Deodorizer Open-Top
9  Trash Can shown below.



21      14.   iTouchless has copied simplehuman's Bullet Trade Dress in an
22 attempt to benefit from the immense goodwill simplehuman has created in the
23 marketplace.
24      15.   simplehuman is informed and believes, and based thereon alleges that
25 iTouchless intended to blatantly copy simplehuman's design and pass off its
26 products as simplehuman's products to misappropriate the immense goodwill that
27 simplehuman has spent enormous time, effort, and expense to cultivate in the
28 marketplace.

16. On April 20, 2015, simplehuman wrote to iTouchless regarding its use and applications to register the SUPERHUMAN mark, which simplehuman asserted infringed its trademark rights in its simplehuman® mark. While the parties resolved this matter regarding iTouchless' use and applications to register the SUPERHUMAN mark, iTouchless has been aware of simplehuman and its products since at least as early as April 2015.

17. iTouchless' use of the Bullet Trade Dress in commerce is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of iTouchless and its products with simplehuman, when there is none.

18. iTouchless' acts complained of herein have caused simplehuman to suffer irreparable injury to its business. simplehuman will continue to suffer irreparable injury unless and until iTouchless is enjoined from its willful actions complained of herein.

19. simplehuman is informed and believes, and on that basis alleges, that iTouchless' acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF
### (15 U.S.C. § 1125(a))

20. simplehuman repeats and re-alleges the allegations of paragraphs 1-19 of this Amended Complaint as if set forth fully herein.

21. This is a claim for trade dress infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a).

22. As a result of the widespread use and promotion of simplehuman's Bullet Trade Dress, the Bullet Trade Dress has acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Bullet Trade Dress with simplehuman.

23. Subsequent to simplehuman's use and adoption of the Bullet Trade Dress, and the development of secondary meaning in that trade dress, iTouchless has manufactured, imported, offered for sale, and/or sold products that use trade

1  dress that is confusingly similar to the Bullet Trade Dress, for example iTouchless'
2  Dual-Deodorizer Open-Top Trash Can shown below.  For example, iTouchless
3  offers the infringing Dual-Deodorizer Open Top Trash Can on
4  www.itouchless.com.

| iTouchless' Dual-Deodorizer Open-Top Trash Can | simplehuman's Bullet Open Trash Can |
|---|---|
| | |

24.  simplehuman is informed and believes, and based thereon alleges, that iTouchless had actual knowledge of simplehuman's ownership and prior use of the Bullet Trade Dress.

25.  simplehuman is informed and believes, and based thereon alleges, that iTouchless infringed simplehuman's Bullet Trade Dress rights with the intent to unfairly compete with simplehuman, to trade upon simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that iTouchless' products are associated with, sponsored by, originated from, or are approved by simplehuman, when they are not, resulting in a loss of reputation in, and mischaracterization of, simplehuman's products and its brand.

26.  iTouchless' activities constitute willful and intentional infringement of simplehuman's trade dress rights in total disregard of simplehuman's

/ / /

proprietary rights and were done despite iTouchless' knowledge that use of the Bullet Trade Dress was and is in direct contravention of simplehuman's rights.

27. iTouchless' conduct also constitutes willful and intentional false designation of origin and unfair competition with simplehuman in violation of 15 U.S.C. § 1125(a).

28. simplehuman may be entitled to its reasonable attorneys' fees for the necessity of bringing its claims.

29. Due to iTouchless' actions, constituting trade dress infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a), simplehuman has suffered great and irreparable injury, for which simplehuman has no adequate remedy at law.

30. iTouchless will continue to infringe simplehuman's trade dress rights, falsely designate the origin of its goods, and unfairly compete with simplehuman to the great and irreparable injury of simplehuman, unless and until iTouchless is enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (California Business & Professions Code § 17200, *et seq.* and California Common Law)

31. simplehuman repeats and re-alleges the allegations of paragraphs 1-30 of this Amended Complaint as if set forth fully herein.

32. This is a claim for unfair competition, arising under California Business and Professions Code § 17200, *et seq.* and California common law.

33. iTouchless' acts of trade dress infringement and false designation of origin constitute unfair competition with simplehuman under the common law and statutory laws of the State of California, particularly California Business and Professions Code § 17200, *et seq.*

34. simplehuman is informed and believes, and based thereon alleges, that iTouchless' acts as alleged in this Amended Complaint have been committed

and are being committed with the deliberate purpose and intent of appropriating and trading on simplehuman's goodwill and reputation, and thereby unfairly competing with simplehuman.

35. By its actions, iTouchless has injured and violated the rights of simplehuman and has irreparably injured simplehuman, and such irreparable injury will continue unless iTouchless is enjoined by this Court.

36. iTouchless engaged in its acts of unfair competition in violation of the common law of California with malice, oppression, and fraud.

## PRAYER FOR RELIEF

**WHEREFORE**, simplehuman requests judgment in its favor and against iTouchless as follows:

A. That the Court render final judgment in favor of simplehuman and against iTouchless on all claims of relief alleged herein;

B. That the Court render a final judgment that iTouchless has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing simplehuman's Bullet Trade Dress, unfairly competing with simplehuman, and falsely designating the origin of its products complained of herein;

C. That the Court render a final judgment that iTouchless has violated California Business & Professions Code §§ 17200, *et seq.* and California common law by willfully committing trade dress infringement, and unfairly competing with simplehuman;

D. That iTouchless, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from:

   i. manufacturing, importing, promoting, displaying, distributing, offering to sell, and/or selling iTouchless' products shown above as
   / / /

infringing the Bullet Trade Dress, or any products that are not colorably different therefrom;

    ii.    using the Bullet Trade Dress, or any other trade dress that is confusingly similar to such trade dress;

    iii.    falsely designating the origin of iTouchless' products;

    iv.    unfairly competing with simplehuman in any manner whatsoever;

    v.    causing a likelihood of confusion or injuries to simplehuman's business reputation; and

    vi.    manufacturing, importing, promoting, displaying, distributing, offering to sell, and/or selling any products that infringe the Bullet Trade Dress.

E.    That iTouchless be directed to file with this Court and serve on simplehuman within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

F.    That iTouchless' actions be deemed willful;

G.    That the Court award simplehuman its reasonable attorneys' fees and costs in connection with bringing this action pursuant to, for example, 15 U.S.C. § 1117;

H.    That iTouchless be required to deliver and destroy all goods, advertising, and other unauthorized materials bearing trade dress that are essentially identical to, colorable imitations of, or confusingly similar to simplehuman's Bullet Trade Dress, pursuant to 15 U.S.C. § 1118; and

I.    That simplehuman be awarded any such other equitable relief that the circumstances may require and that the Court deems just and proper.

/ / /

/ / /

|   |   |   |
|---|---|---|
|   | | Respectfully submitted, |
|   | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   | | |
|   | Dated: April 22, 2019 | By: */s/ Ali S. Razai* |
|   | |     Paul A. Stewart |
|   | |     Ali S. Razai |
|   | |     Nicole R. Townes |
|   | |     Brandon G. Smith |
|   | | |
|   | | Attorneys for Plaintiff |
|   | | simplehuman, LLC |